**Bahadur SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–74888.**

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2010.*

Decided March 26, 2010.

Martin Avila Robles, Esquire, San Francisco, CA, for Petitioner.

Stephen J. Flynn, Assistant Director, U.S. Department of Justice, Janette L. Allen, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Bahadur Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, for substantial evidence factu-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

al findings, and for abuse of discretion the denial of a motion to reopen. *Hamazaspyan v. Holder,* 590 F.3d 744, 747 (9th Cir.2009). We deny the petition for review.

The agency correctly concluded that Singh received sufficient notice of his hearing because it is undisputed that he was personally served with an Order to Show Cause ("OSC") that contained notice of his hearing. There was no statutory requirement that the OSC be orally translated, *see* 8 U.S.C. 1252b(a)(3) (1995); *Khan v. Ashcroft,* 374 F.3d 825, 828–29 (9th Cir. 2004) (notice proper where INS adhered to statutorily imposed procedural requirements), and Singh's contention that he was prejudiced by the absence of oral notice as was required under former 8 C.F.R. § 242.1(c) (1995) is not persuasive, *see Matter of Hernandez,* 21 I. & N. Dec. 224, 226–27 (BIA 1996).

Singh also failed to demonstrate that the IJ improperly relied upon an I–213 form to establish his deportability. *See Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence."). Substantial evidence therefore supports the agency's deportability finding. *See* 8 U.S.C. § 1252b(c)(1) (1995) (to deport alien in absentia the government must establish alien's deportability by "clear, unequivocal, and convincing evidence").

Accordingly, the agency did not abuse its discretion in denying Singh's motion to reopen. *See Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003) (agency abuses its dis-

cretion when it acts "arbitrarily, irrationally, or contrary to law").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.